UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| FE CORCHADO,  Plaintiff,  v.  BAC HOME LOANS SERVICING, LP, *et al.*,  Defendants. | Case No. 2:10-CV-01860-KJD-RJJ  **ORDER** |

Before the Court is the Motion to Dismiss (#8) of Defendants BAC Home Loans Servicing, LP[1] ("BAC") and Federal National Mortgage Association ("Fannie Mae"). Plaintiff filed an opposition (#11) to which BAC and Fannie Mae (collectively "Defendants") replied (#13).

Background

In October, 2007 Plaintiff secured a loan with a deed of trust on the property located at 6059 West Dewey Drive, Las Vegas, Nevada (the "Property").[2] Plaintiff fell behind on her mortgage

---

[1] BAC Home Loans Servicing, LP is now merged with Bank of America, NA (See #15).

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the deed of trust and foreclosure notices because they are not subject to reasonable dispute and are in the public record. Consideration of these documents is appropriate at the motion to dismiss stage. See Branch v. Tunnell, 14 F3d 449, 454 (9th Cir. 1994).

payments. ReconTrust Company, NA, the substitute trustee, recorded a Notice of Default and Election to Sell on the property in May 2010. The property was sold on August 16, 2010 and the property was transferred to Fannie Mae.

Prior to the sale, Plaintiff avers that "Defendant made verbal representations to the Plaintiff that a modification had been executed and that payments in the amount of $776.86 would now be the payment for the Plaintiff." (Compl. ¶ 9.) Plaintiff avers that she made these payments for five months. Plaintiff then claims she was told she did not qualify for a modification. According to Plaintiff, Defendants rejected additional payments and recorded a Notice of Foreclosure.

Plaintiff filed this action in the Eighth Judicial District Court on August 24, 2010. She asserts claims for wrongful foreclosure, breach of contract, breach of the covenant of good faith and fair dealing, unfair lending practices, bad faith, unjust enrichment, and injunctive relief.

I.  Discussion

    A. Legal Standard

In considering a motion to dismiss for failure to state a claim under FRCP 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir.1998). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The *Iqbal* evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51. Second, the Court considers the

factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

### B. Breach of Contract

To state a claim for breach of contract in Nevada, a Plaintiff must demonstrate (1) the existence of a valid contract, (2) that plaintiff performed or was excused from performance, (3) that the defendant breached, and (4) that the plaintiff sustained damages. See Calloway v. City of Reno, 1993 P.2d 1259, 1263 (2000). The statute of frauds in N.R.S. 111.220 provides in relevant part:

> In the following cases every agreement is void, unless the agreement, or some note or memorandum thereof expressing the consideration, is in writing, and subscribed by the person charged therewith:
>
> 1. Every agreement that, by the terms, is not to be performed within 1 year from the making thereof.

Plaintiff acknowledges that she has no writing evidencing the alleged oral loan modification contract. Instead, she claims "the fact that the five payments were accepted shows that some type of modification had been executed. Therefore, clearly there is a breach of contact [sic]." (Opp. at 5.) Plaintiff avers that the unidentified Defendant who allegedly granted the oral modification told Plaintiff that "payments in the amount of $776.86 would now be the payment." (Compl. ¶ 9.) Plaintiff's payments fail to show the existence of a binding loan modification between the parties.[3] Further, Plaintiff does not aver that these payments would have discharged the loan within one year from the time she claims to have executed the oral modification contract. Accordingly, the agreement is subject to the statute of frauds. See Center of Hope Christian Fellowship, Local, Church of God in Christ v. Wells Fargo Bank Nevada, N.A., 781 F.Supp.2d 1075 (D.Nev. 2011) (alleged oral modification of mortgage appeared to be within the statute of frauds "because the Note as orally amended could not be repaid within one year at the agreed monthly rate"). The fact that

---

[3] Plaintiff claims that Defendants failed to provide a modification in writing, "knowing they could hide behind the statute of frauds." (Opp. at 2.) If true, this fact, in conjunction with Plaintiff's payments, may support a claim for promissory estoppel. However, a promissory estoppel claim is not pled in the complaint.

defendants accepted five payments of $776.86 is insufficient to defeat the statute of frauds.  See Harmon v. Tanner Motor Tours of Nev., Ltd., 377 P.2d, 622, 628 (1963) (without more, part performance of an agreement within the one year provision of the statute of frauds will not preclude the bar of the statute).  Plaintiff has failed to state facts showing the existence of a valid contract.  Accordingly, the breach of contract claim is dismissed.

### C. Wrongful Foreclosure

Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. See Collins v. Union Federal Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev.1983) (reversing summary judgment where there was a dispute of fact about whether nonpayment was appropriate); see also Haley v. Elegen Home Lending, LP, 2010 WL 1006664, *1 (D.Nev. 2010) ("[a]n action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract.")

Plaintiff admits that she fell behind in her payments.  (Compl. ¶ 6.)  But Plaintiff claims that "she was current on the modification payments and therefore, was not in Default."  (Opp. at 3, emphasis original.)  As noted *supra*, Plaintiff fails to state facts sufficient to support the existence of a valid loan modification contract.  Under the terms of the loan agreement that did exist between the parties, Plaintiff was in default.  Accordingly, Plaintiff cannot prevail on a wrongful foreclosure claim.

### D. Breach of the Covenant of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw Constr. v. Washoe County, 105 Nev. 913, 784 P.2d 9 (Nev.1989) (quoting Restatement (Second) of Contracts § 205). "[W]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract ... damages may be awarded against the party who does not act in good faith." Hilton Hotels v. Butch Lewis Prods., 107 Nev. 226, 808 P.2d 919, 923 (Nev.1991).

The loan agreement between the parties is a contract and is subject to the covenant of good faith and fair dealing. However, Plaintiff has not included any facts in her complaint sufficient to show that Defendants acted in a manner that was "unfaithful to the purpose" of the loan agreement. Instead, Plaintiff's complaint alleges that Defendants breached the covenant by foreclosing on the property in question despite the fact that Plaintiffs had made payments under the alleged loan modification contract. (Compl. ¶ 40.) As discussed *supra*, Plaintiff has failed to allege sufficient facts showing a valid contractual agreement to modify the loan. Accordingly, the claim for breach of the covenant of good faith and fair dealing fails.

### E. Unfair Lending Practices

N.R.S. 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." N.R.S. 598D.100(1)(b). This statute is inapplicable in this action and Plaintiff has stipulated to the dismissal of this cause of action.

### F. Bad Faith

Nevada has limited bad faith tort actions to "those cases involving special relationships characterized by elements of public interest, adhesion, and fiduciary responsibility." Great American Ins. Co. v. General Builders, Inc., 934 P.2d 257, 263 (Nev. 1997).

The conclusory allegations of the complaint fail to state a claim for bad faith.[4] A lender owes no fiduciary duty to a borrower. Yerington Ford Inc. v. GMAC, 359 F.Supp. 2d 1075, 1089 (D.Nev. 2004), overruled on other grounds by Giles v. GMAC, 494 F.3d 865 (9th Cir. 2007). Plaintiff fails to cite any authority to support her argument that a fiduciary relationship or other type of special relationship was created by the alleged loan modification. Accordingly, Plaintiff's bad faith claim fails.

---

[4] The complaint states that "the actions of the Defendant constitute bad faith." (Compl. ¶ 51.) Yet in her opposition, Plaintiff argues "clearly, under Nevada Law, Defendant has conducted in [sic] bad faith/misrepresentation." (Opp. at 6.) Plaintiff fails to plead with the requisite particularity to support any fraud based claim. See Fed. R. Civ. P. 9(b) (party must state with particularity the circumstances constituting fraud or mistake).

G.  Unjust Enrichment

Under Nevada law, unjust enrichment occurs when "a person has and retains a benefit which in equity and good conscience belongs to another." Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975, 942 P.2d 182, 187 (Nev.1997).  An action "based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." Id. The doctrine of unjust enrichment thus only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." Id. (quoting 66 Am.Jur.2d Restitution § 11 (1973)).

Plaintiff's claim for unjust enrichment appears to be an attempt at alternative pleading.  According to Plaintiff "if the Court were to rule that there was no contract when Plaintiff sent the five additional payments, then Plaintiff believes that this would allow the Unjust Enrichment case to continue."  (Opp. at 7).  Plaintiff is mistaken.  Because Plaintiff has failed to plead facts showing a valid loan modification contract, the foreclosure took place pursuant to the original loan agreement.  This agreement is an express contract that governs the relationship between the parties.  Accordingly, the claim for unjust enrichment fails.

H.  Injunctive Relief

Injunctive relief is not a separate cause of action or an independent ground for relief. See In re Wal–Mart Wage & Hour Employ. Practices Litig., 490 F.Supp.2d 1091, 1130 (D.Nev. 2007) (dismissing the count for injunctive relief because it was not an independent ground for relief or a separate cause of action).  Since the Court has dismissed each of Plaintiff's underlying claims, she is not entitled to injunctive relief.

\\
\\
\\
\\

III. Conclusion

**IT IS HEREBY ORDERED** that Defendant BAC and Fannie Mae's Motion to Dismiss (#8) is **GRANTED**.

DATED this 29th day of September 2011.

_____
Kent J. Dawson
United States District Judge